Argo, McDuffie & Argo v. J. A. Blondel, Appellant.

**Contract: ADMINISTRATOR:** *Personal liability.* A written agreement reciting that a firm of attorneys, had been advising the heirs of an estate, and had procured the appointment of a named person as a co-administrator thereof, and that such co-administrator as such promises to pay a certain sum for such services and to reimburse them for moneys expended, in consideration for which they are to release him and his co-administrator from all claims on account thereof, is, when signed by the co.administrator, *individually,* his individual contract, on which he may be sued individually, whether the services were to the estate or not.

*Appeal from Woodbury District Court.*—Hon. George W. Wakefield, Judge.

Saturday, December 12, 1896.

ACTION to recover upon a contract in writing. Defendant demurred to the petition, which demurrer was overruled; and, defendant electing to stand thereon, judgment was rendered against him, from which he appeals.—*Affirmed.*

*Lohr, Gardiner & Lohr* for appellant.

*Argo, McuDffie & Argo in pro. per.*

Given, J.—The contract sued upon is as follows: "This contract, made and entered into by and between J. A. Blondel, party of the first part, and Argo, McDuffie & Argo, parties of the second part, witnesseth: That whereas, the parties of the second part have performed legal services in the matter of the estate of John B. Arteaux, deceased, in advising with the heirs of said decedent, and in assisting said J. A. Blondel in procuring the appointment as co-administrator of said estate, it is hereby agreed and understood that said J.

A. Blondel, as such co-administrator, shall pay the said parties of the second part, for their said services, the sum of one hundred and twenty-five dollars, and reimburse them for the actual expenses they have laid out in the matter up to this date, in the proximate sum of twenty-five dollars; and, in consideration of the amount, the parties of the second part, hereby agree to release the party of the first part and the other administrator of the estate, from all fees or claims for services which they have rendered in relation to said appointment in Iowa up to this time, and which may hereafter be rendered in Iowa in relation to said appointment. J. A. Blondel, Party of the First Part. Argo, McDuffie & Argo, Parties of the Second Part." The grounds of the demurrer are: (1) The contract set out in plaintiff's petition shows that the defendant, J. A. Blondel, executed the same as co-administrator of the estate of John B. Arteaux, deceased, solely to bind said estate; (2) that said contract does not show any personal liability on the part of the defendant, J. A. Blondel. The contention is, whether appellant is individually liable on this contract.

The contract is entered into and signed by him, not as administrator, but in his individual capacity. The services to be paid for, though in the matter of the estate, seem to have been regarded as not properly chargeable to the estate. They were to the heirs in advising with them, and to appellant in procuring the appointment as co-administrator. True, the contract recites "that said J. A. Blondel, as such co-administrator, shall pay," but following this it is provided that, "in consideration of the amount, the parties of the second part hereby agree to release the party of the first part and the other administrator from all fees for past or future service in relation to said appointment." It seems to have been the understanding of

the parties that the services rendered in relation to the appointment might be chargeable to the estate. We think this contract shows quite plainly that appellant agreed as an individual to assume and pay for these services in the amount named, regardless of whether they were to the estate or not. The judgment of the district court is AFFIRMED.